IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUES ROY, | ) | |
| ID # 44132-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:22-CV-1057-L-BH |
| vs. | ) | No. 3:12-CR-54-L(1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Movant Jacques Roy's ("Movant") Motion for Judge Recusal ("Motion"), filed May 10, 2022 (Doc. 5). Movant seeks recusal of the undersigned district judge because of alleged bias under 28 U.S.C. § 455(a). After considering the Motion, relevant filings, and applicable law, the court determines that the Motion should be and is hereby **denied**.

## I.      Procedural Background

After first being charged by indictment with others, Movant was charged in a seventeen-count superseding indictment on September 6, 2012, with conspiracy to commit healthcare fraud, healthcare fraud, false statements relating to healthcare matters, and obstruction of justice. *United States v. Roy*, 3:12-CR-54-L(1), Crim. Doc. 131.[1] On April 13, 2016, a jury found him guilty on 12 charged counts. Crim. Doc. 801 at 1-2. By judgment dated August 11, 2017, he was sentenced to an aggregate term of 420 months' imprisonment, to be followed by six years of supervised release. *See* Crim. Doc. 997. He was also ordered to pay restitution in the amount of $268,147,699.15, jointly and severally with his various co-defendants, and a $1,200 assessment. *See id.* at 5-6. The judgment was affirmed by the United States Court of Appeals for the Fifth

---

1 Documents related to the underlying criminal action will be referred to by its Criminal Docket Number (Crim. Doc.).

Circuit on January 28, 2021. *See United States v. Veasey*, 843 F. App'x 555 (5th Cir. 2021). Movant did not file a petition for a writ of certiorari with the Supreme Court.

On May 10, 2022, Movant filed a motion to vacate, set aside, or correct his convictions and sentences under 28 U.S.C. § 2255. *See* Doc. 2. The same day, he filed the instant Motion for recusal of the undersigned district judge in this § 2255 action based on alleged bias in the underlying criminal proceedings. *See* Doc. 5.

## II.     Movant's Grounds for Seeking Recusal

Movant moves for recusal of the undersigned pursuant to 28 U.S.C. § 455(a).  *See* Doc. 5 at 1. He contends that the undersigned's "bias was omni-present throughout the proceedings, enabling the prosecution to prevail by performing schemes to deceive the jury through deliberate misinterpretation of rules and regulations, distorting and misrepresenting [Movant's] activities and procedures. Through his rulings, [the undersigned] confirmed his bias, violated the integrity of the proceedings." *Id.* at 2. He argues that rulings by the court relating to expert witness and lay witness testimony that the parties sought or presented at trial and the admissibility of evidence at trial provided an unfair advantage to the Government and failed to preserve the integrity of the criminal proceedings. *See id.* at 6-8. He also asserts that the court's decision not to dismiss a biased juror was the undersigned's "[w]orst infringement of impartiality[.]" *Id.* at 9.

As a further basis for his Motion, he alleges that the undersigned "even threatened the defense that he would intervene if the defense mentioned again that the government was on trial, as the integrity of the investigation was obviously in doubt exposing in plain sight his bias." *Id.* He also complains about limits imposed on the defense's closing arguments and the court's decision to reopen the evidence for a limited purpose following a bench conference with the parties prior to closing arguments. *See id.*

**Memorandum Opinion and Order – Page 2**

Finally, Movant contends that the most outrageous manifestation of the undersigned's partiality to the Government occurred during sentencing. *See id.* at 10-17. Specifically, he argues that the undersigned unfairly categorized all of Movant's medical services were fraudulent, relieving the Government of its burden to prove the loss amounts in the Pre-Sentencing Report ("PSR"). *Id*. at 10. He points to the evidence and statements made during trial that were rejected as proof of criminal activity but were relied upon at sentencing. *Id*. at 11-13. Movant asserts that this was done because the undersigned was intent on reaching the Government's asserted loss amount, rather than the amount proven through reliable evidence. *Id.* Movant also alleges that the comments made during sentencing showed bias and an intent to disparage him personally. *Id*. He states that this action must be assigned to a different judge to "safeguard [his] due process right to fair evaluation of the § 2255 motion after so many obvious bias and lack impartiality during previous proceedings [sic]." *Id*. at 17.

### III.    Analysis

As noted, Movant moves for recusal under Section 455(a). *See* Doc. 5 at 1. Section 455(a) "requires a federal judge to disqualify himself in any proceeding in which 'his impartiality might be reasonably questioned.'" *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 378 (5th Cir. 2002) (quoting 28 U.S.C. § 455(a)). The test under § 455(a) is an objective one. *See id.* Movant must show that, "if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Id.* (footnote and internal quotation marks omitted). "[R]eview should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). "[J]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel" are not valid bases for a motion to recuse for

personal bias. *Liteky v. United States*, 510 U.S. 540, 556 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from establishing a bias].") Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring" during current or prior proceedings are not grounds for a recusal motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. The disqualification decision is within the "sound discretion" of the judge. *In re Deepwater Horizon*, 824 F.3d 571, 579-80 (5th Cir. 2016).

Here, although Movant argues that the undersigned's "bias was omni-present throughout the proceedings" in the underlying criminal case, he only offers as evidence of that alleged impartiality the various rulings and statements made during the underlying criminal proceedings. Doc. 5 at 2, 5. He alleges that adverse rulings were the result of bias because he does not agree with the evidence on which the court relied; these allegations fail to show impartiality. His Motion and supporting affidavit do not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the undersigned. The Motion is based on adverse evidentiary rulings and determinations in his underlying criminal case with which he disagrees, and many of which he challenged on appeal. Likewise, his arguments against the court's adoption of the PSR's reported loss amounts are arguments against the court's decision, not evidence of impartiality. Adverse rulings, admonishments to counsel, and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to," a party or its case do not support a claim of judicial bias or partiality. *Liteky*, 510 U.S. at 555. Because the Motion presents no valid grounds for disqualification or recusal, Movant has not established that recusal is warranted or justified under Section 455(a).

IV.     **Conclusion**

The court recognizes that there may be valid reasons to seek recusal or disqualification of a judge, but Movant's Motion presents no valid reasons for recusal or disqualification. The court fully understands, and takes no exception, that a party may disagree with its legal rulings and has the right to appeal and collaterally challenge them, as Movant has done. The allegations and arguments that Movant makes for recusal here, however, are not supported by the law or the limited facts and, accordingly, do not entitle him to relief. For the reasons herein stated, the Motion (Doc. 5) is **denied**.

**It is so ordered** this 19th day of April, 2023.

Sam A. Lindsay
United States District Judge